**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.B. and K.R.**

**No. 22-904** (Nicholas County CC-34-2022-JA-35 and CC-34-2021-JA-113)

**MEMORANDUM DECISION**

Petitioner Mother S.R.[1] appeals the Circuit Court of Nicholas County's November 18, 2022, order terminating her parental and custodial rights to K.B. and K.R.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2021, the DHS filed a petition alleging that petitioner was suffering from an untreated mental health condition that impaired her parenting and created a risk to K.B.'s[3] well-being, resulting in petitioner's failure to protect K.B. According to the petition, petitioner was arrested when she fled from officers after refusing to cooperate with a field sobriety test. Petitioner was also incoherent and unable to form sentences when speaking with Child Protective Services ("CPS") workers. The petition further alleged that petitioner and K.B. had been homeless for more than thirty days and were living in a camper with a man, but petitioner did not know the man's name, nor could she provide an address of the location of the camper. The

---

[1]Petitioner appears by counsel Susie Hill. The West Virginia Department Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Counsel Taylor Graham appears as the children's guardian ad litem.

[2]Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]At the time the petition was filed, K.R. had not yet been born.

1

petition further alleged that petitioner had previously been adjudicated as an abusive and neglectful parent for substance abuse and homelessness.

In December 2021, petitioner was adjudicated as an abusive and neglectful parent. The case proceeded to a dispositional hearing in March 2022. Prior to the hearing, petitioner filed a motion for a post-dispositional improvement period. Upon recommendation from the DHS and K.B.'s guardian ad litem, the circuit court granted the motion, which outlined certain terms and conditions petitioner agreed to follow. In May 2022, the DHS moved to revoke the improvement period for petitioner's noncompliance with the conditions of the improvement period. A judicial review hearing was held in June 2022 wherein the circuit court denied the DHS's motion to revoke and permitted the improvement period to continue for an additional two months. A few days later, petitioner gave birth to K.R. After K.R.'s birth, the DHS filed an amended petition adding allegations of abuse and neglect against K.R. The amended petition alleged that petitioner's doctor advised petitioner that she needed to deliver K.R., but petitioner left the hospital against medical advice. Petitioner returned the following day and delivered K.R. The amended petition further alleged that the CPS worker was informed by hospital staff that they believed petitioner was having a mental health "breakdown."

In August 2022, petitioner was adjudicated as an abusive and neglectful parent to K.R. upon the allegations in the amended petition. Despite having no written or oral motion from petitioner, the circuit court also denied petitioner an improvement period finding that petitioner would be a danger to the children based on the evidence presented at the hearing.

In November 2022, the circuit court held another dispositional hearing, during which the DHS presented evidence of petitioner's failure to comply with services, aggressive and erratic behavior, and homelessness. Specifically, the circuit court heard testimony from a CPS worker that petitioner made threats to DHS employees necessitating the cessation of services. The CPS worker further testified that petitioner refused to participate in services and refused to accept responsibility for her involvement in the case. Additionally, the CPS worker explained that petitioner was homeless and unemployed due to her aggressive behavior with neighbors and coworkers.

Based on the evidence, the circuit court found that the children's best interests required termination of petitioner's parental rights because petitioner refused or was unwilling to cooperate in the development of a reasonable family case plan; did not respond to or follow through with rehabilitative efforts or agencies; and habitually abused or was addicted to alcohol, controlled substances, or drugs. Accordingly, the court terminated petitioner's parental rights to the children.[4] Following the dispositional hearing, petitioner filed a motion to amend the final order requesting removal of language finding that petitioner abused or was addicted to drugs and alcohol from the dispositional order as it was inaccurate. The circuit court did not rule on petitioner's motion. As such, it is from the dispositional order that petitioner appeals.

---

[4]Both fathers' parental rights were terminated in prior proceedings. The permanency plan for the children is adoption in their current placements.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that the circuit court erred when it failed to amend the final order because it contained a factual finding that petitioner habitually abused or was addicted to alcohol, controlled substances, or drugs, which finding was unsupported by the evidence. We find no merit in petitioner's argument. There is no provision for a motion to amend a final order in the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, Chapter 49 of the West Virginia Code, or the applicable West Virginia Rules of Civil Procedure. *See* W. Va. R. Civ. P. 81(a)(7) ("Rules 5(b), 5(e) and 80 apply, but the other rules do not apply, to juvenile proceedings brought under the provisions of chapter 49 [§ 49-1-1 et seq.] of the West Virginia Code."). Indeed, on appeal to this Court, petitioner cites to no authority that allows for the filing of such motion. Accordingly, any alleged error by the circuit court for refusing to consider petitioner's motion to amend the final order is misplaced given that the circuit court had no duty to consider a motion for which the law does not provide. Therefore, petitioner is entitled to no relief in this regard.

Notwithstanding the lack of a procedural mechanism for filing a motion to amend under these circumstances, we recognize that the record lacks sufficient evidence supporting the circuit court's finding that petitioner habitually abused or was addicted to alcohol, controlled substances, or drugs. Despite this apparent error, we do not find that vacation of the dispositional order is warranted under the specific circumstances of this case. Petitioner does not allege that the circuit court's other findings supporting termination of her parental rights were erroneous. In fact, the record overwhelmingly establishes that petitioner refused to accept responsibility for her conduct, failed to participate in remedial services, and that termination of her parental rights was in the children's best interests. As such, the termination of petitioner's parental rights is not in dispute. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon findings no reasonable likelihood conditions of abuse and neglect and when necessary for child's welfare). Therefore, we find no reversible error in this regard.

Petitioner also argues that the circuit court erred by not granting her an improvement period after the birth of K.R., but she ignores the fact that the court granted her an improvement period at the dispositional hearing in March 2022. This improvement period continued until the August 2022 adjudicatory hearing—two months *after* K.R.'s birth. On appeal, petitioner asserts that she was entitled to an additional improvement period because K.R.'s birth allowed her to be medicated for her mental health condition, but the record shows that petitioner failed to address her mental health in the two months she was under an improvement period after K.R. was born. As such, these arguments cannot entitle her to relief. Furthermore, petitioner made an oral motion for a continuation of her post-dispositional improvement period at the November 2022 dispositional hearing rather than a motion for a second improvement period. Thus, petitioner's reliance before this Court on the requirements set forth in West Virginia Code § 49-4-610(2)(D) to be granted a second improvement period is misplaced. Pursuant to West Virginia Code § 49-4-610(6), before a circuit court can grant an extension of an improvement period, the court must first find that the parent has substantially complied with the terms of the improvement period, among other requirements. Here, we find that there is no evidence in the record demonstrating

3

that petitioner substantially complied with the terms of her post-dispositional improvement period. Accordingly, we find that an extension to petitioner's improvement period would not have been proper.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 18, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4